

**U.S. Department of Justice**

Kenneth L. Wainstein
United States Attorney

*District of Columbia*

Judiciary Center
555 Fourth St., N.W.
Washington, D.C. 20530

September 26, 2005, **FINAL**

Mr. David Bos, Esq., AFPD
Counsel for Defendant Omar Thomas
Office of the Federal Public Defender
625 Indiana Avenue, N.W., Fifth Floor, Suite 550
Washington, D.C. 20004
(202) 208-7500
(202) 208-7515 (fax)
David_Bos@fd.org

Re: United States v. Omar Thomas, Cr. No. 05-0284 (CKK)

FILED

SEP 2 7 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Dear Mr. Bos:

This letter states the non-co-operating plea agreement between your client, Omar Thomas, and the United States of America (also called "the Government" or "this office" in this letter). Based upon your authorization, this Office filed a criminal information with the Court charging the two crimes to which your client will plead guilty. These are: (1) a violation of 21 U.S.C. §§ 860(a) & 856(a)(2), that is, unlawful maintenance of a premises to manufacture, distribute, store, and use a controlled substance within 1000 feet of a school; (2) a violation of D.C. Code 22-4514(a) (2001 ed.; formerly D.C. Code § 22-3214(a)), that is, unlawful possession of a prohibited weapon, a sawed-off shotgun. As you know, the matter has been set for a plea hearing before U.S. Magistrate Judge John M. Facciola, Tuesday afternoon, September 27, 2005, at 1:45 p.m. The terms and conditions of this plea offer are as follows:

Defendant Thomas' Obligations:

1.    Your client, Omar Thomas, agrees to admit his guilt and enter pleas of guilty to both counts in the criminal information now pending in this case. The following are the maximum penalties for each crime.

(a)    Count One, which charges the "drug-house/school" offense, is a violation of 21 U.S.C. § 860, with reference to § 856(a)(2). It is a Class B felony, as set forth in 18 U.S.C. § 3559(a)(2). Your client understands that the maximum statutory penalties for a conviction of this "drug-house/school" crime are "twice the maximum punishment" which is authorized for the crime of unlawful maintenance of a drug premises under 21 U.S.C. § 856(a)(2), and "at least twice any

term of supervised release" – after any period in prison. Further, there is a mandatory-minium term of at least one year in prison that must be imposed for the § 860 offense. Thus, the maximum penalties for a guilty plea to this crime are:

>   (A) a term in prison of at least one year and not more than 40 years;
>   (B) a fine of not more than $1,000,000;
>   (C) a term of supervised release -- after the prison term -- of not more than six years;
>   (D) a special assessment of $100; and,
>   (E) certain civil fines and penalties of $250,000 or more, which the Government has agreed it will not seek, 21 U.S.C. § 856(d).

The maximum term of supervised release is six years because a violation of 21 U.S.C. § 856(a)(2) is a Class C felony, 18 U.S.C. § 3559(a)(3), and § 856(a)(2) does not state a term of supervised release. Therefore, the maximum term comes from 18 U.S.C. § 3583(b)(2), which states that a Class C felony carries a maximum term of supervised release of not more than three years. Under § 860, this is doubled to not more than six years. The alternative is a term of supervised release of not more than five years, as set forth in 18 U.S.C. § 3583(b)(1), for any Class B felony.

   (b)   Count Two charges your client with unlawful possession of a prohibited weapon, in violation of District of Columbia Code §§ 22-4514(a) (2001 ed.; formerly D.C.C. § 22-3214(a) (1981 ed.)). Because defendant previously has been convicted of a felony, D.C. Code §§ 22-4514(c) & 22-4515 make the maximum penalties to be:

>   (1) imprisonment for not more than ten years and a fine of not more than $1000, or both.
>   (2) a term of supervised release of three years, which shall be imposed if he is sentenced to prison for more than one year (D.C.C. § 24-403.01(b)(2)(B)); or, a term of supervised release of not more than three years, if defendant is sentenced to prison for one year or less (D.C.C. § 24-403.01(b)(3)(B)); and,
>   (3) an assessment of between $100 and $5000 to the Crime Victims Compensation Fund. D.C.C. § 4-516 (formerly, D.C.C. § 3-436).

   (c)   Your client also understands that, under 18 U.S.C. § 3571, the Court may impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release, and period of probation. (Such a fine also is permitted under § 5E1.2 of the U.S. Sentencing Commission Guidelines Manual, also called the "Sentencing Guidelines" or "U.S.S.G." in this letter). Your client agrees to pay the $100 special assessment to the Office of the Clerk of the Court for the U.S. District Court for the District of Columbia before sentencing.

   (d)   Your client further understands that he will be sentenced according to 18 U.S.C. §§ 3553(a) & 3553(c)-3553(f), upon consideration of the Sentencing Guidelines, referred to in the last paragraph. These laws will apply to determine your client's guideline range. In any event, your client recognizes that only the trial court determines the final sentencing guideline range, usually based upon information contained in a Presentence Investigation (PSI) report, which the U.S.

2

Probation Office prepares. Whatever lawful sentence the Court imposes in this case, including a sentence more severe than your client expected when pleading guilty, your client knows that he will have no right to withdraw his pleas. Your client acknowledges that the Court is not obligated to follow any recommendation of the Government at sentencing.

(e) Your client knows that any sentence in this case may run consecutively to any other sentence he may have to serve. Additionally, your client knows that if he has two or more convictions for a crime of violence or felony drug offense, he might be subject to the much greater penalties provided for in the career offender statutes and provisions of the Sentencing Guidelines. Although preliminary information about your client's record suggests that he does not have convictions that subject him to a "career offender" sentencing enhancement, if it turns out that he does, he knows that he could be subject to a very severe sentence of close to forty years in prison. Your client knows that receiving such a sentence will not be grounds to withdraw his pleas.

2. In entering these guilty pleas, your client understands he is waiving certain rights afforded him by the U.S. Constitution or by statute. Your client understands that the Fifth Amendment to the U.S. Constitution states that he may not be compelled in any criminal case to be a witness against himself. By entering this guilty plea, your client knowingly and voluntarily waives this right because he will admit under oath that he did the acts making out the crimes to which he is pleading guilty. Your client also understands that by pleading guilty he gives up his rights:

(1) to have an indictment returned against him after his arrest within the time set forth in the Speedy Trial Act, 18 U.S.C. §§ 3061, *et seq.*;
(2) to be tried to a jury or a judge sitting without a jury;
(3) to be assisted by an attorney at trial;
(4) to confront and cross-examine witnesses against him;
(5) to challenge the admissibility of the evidence against him;
(6) to testify in his own behalf and to present witnesses at trial in his behalf;
(7) to appeal any rulings made by the trial court in this case, except those concerning whether any sentence in this case was lawfully imposed; and,
(8) to be prosecuted by grand jury indictment on the felony charges to which he is pleading guilty; instead, your client agrees to plead guilty to a criminal information.

By signing this letter below, your client states that he understands the rights that he is waiving, that he has discussed what this means with his attorney, and that he freely waives them, knowing why he is doing so. Your client agrees further that should he ever move to withdraw these guilty pleas whatever other consequences it may have, this paragraph and his signature on this document may be used to show that he made an informed and voluntary decision to plead guilty.

3(a). Your client specifically admits certain facts as true when pleading. He agrees that his pleas are proof of each fact beyond a reasonable doubt and that the government separately can prove each fact is true beyond a reasonable doubt. These facts are:

The events in this case took place Thursday, May 12, 2005, at about 9:30 in the

3

evening. They happened in the area around the 1200 block of 16th Street, N.E., Washington, D.C., as well, specifically as in your client's home in apartment # 4 at 1228 16th Street, N.E., Washington, D.C. At this time, sworn officers of the Metropolitan Police Department (MPD) Major Narcotics Branch (MNB) were investigating the illegal sale of drugs near defendant's home. Under-cover police officers several times bought suspected marijuana from drug-sellers who appeared to have got the marijuana from defendant Thomas' apartment.

Police followed one such seller in particular into apartment # 4, that is, your client's home. He told police the apartment was his. Police found the marijuana seller (not your client) in the apartment's bathroom, where he was flushing suspected marijuana down the toilet. Police seized about $200 in suspected drug sales money from the garbage disposal in the kitchen sink, plus empty ziplocks of the type commonly used to package marijuana for street sales, which had been hidden under a sofa cushion. Additionally, defendant told police he had a gun and ammunition in the apartment. Police seized a sawed-off shotgun from between the mattress and box spring in the bedroom, as well as five rounds of twelve-gauge shotgun shells in a dresser drawer in the bedroom. The gun was a Charles Daly Model 500 twelve-gauge shotgun. Its barrel length was 16.25 inches.

Defendant previously has been convicted of attempted possession with intent to distribute cocaine in the Superior Court of the District of Columbia in Cr. No. F-00085-93. Defendant received a probationary sentence, but the Court later revoked defendant's probation. The sawed-off shotgun is operable and can discharge a shell.

As part of his admissions in this case, defendant acknowledges that the Government can prove that he lets other persons store in his apartment marijuana that they unlawfully sell in public in the block where defendant lives. Defendant also agrees that the Government can prove that he lets persons store drug paraphernalia, such as ziplock bags, used in the sale of marijuana. Additionally, defendant admits that other persons and he smoke marijuana in his apartment. Independent of defendant's acknowledgment of the Government's proof, he admits that the statements in this paragraph are true.

Further, your client admits that his apartment is within 1000 feet of the building and grounds of the Ruth K. Webb elementary school, which is a District of Columbia public school with an address of 1375 Mount Olivet Road, N.E., Washington, D.C. Your client knows the school, which is about a block-and-a-half west and a block north of his home on 16th Street, N.E. Washington, D.C.

4.  Your client previously has been admitted to bail and released pending trial. On the date of defendant's guilty plea hearing, the Government will not ask the Court to order defendant held without bail pending sentencing. Thereafter, should your client violate any condition of his bail and release, the Government will be free to ask the Court to order your client detained pending

sentencing. Even though the Government will not object to defendant's continued release at the plea hearing, the Court is free to set its own conditions of bail pending sentencing, including detaining your client without bail, placing him in a halfway house, or placing some other, additional conditions on your client's release. If the Court does any of these things, your client know this will not give him the right to withdraw his guilty pleas.

The Government's Obligations:

5(a).   In return for your client's guilty pleas to the two counts in the information, this office agrees that the U.S. Attorney's Office for the District of Columbia will not prosecute your client on any other criminal charges, under either federal or District of Columbia law, arising from your client's arrest in this case on May 12, 2005.

(b)   The government agrees that your client's base offense level should be reduced to reflect his acceptance of responsibility by entering into an early guilty plea. The government will advise the probation officer preparing the Presentence Investigation (PSI) Report that should receive a full reduction for acceptance of responsibility. (*The government reserves the right to argue against such a reduction for acceptance of responsibility should your client commit any conduct inconsistent with acceptance of responsibility, as defined in U.S.S.G. § 3E1.1.*) The government will make clear that your client indicated very quickly after his arrest that he wished to accept responsibility and that, to this end, he agreed to exclude time from the periods under the Speedy Trial Act within which the government was required to ask the grand jury to return a felony indictment. Should the Court decide that a motion is required for your client to receive a full reduction for acceptance of responsibility, the Government agrees that the final, signed version of this plea letter may be treated as such a motion.

(c)   The government will advise the Court that it does not believe that this case requires a mandatory restitution payments as set out in 18 U.S.C. § 3663A, because there is no victim who has suffered financial loss as a result of the crime to which your client is pleading guilty.

(d)   The government will not ask the Court to impose any civil penalty authorized under 21 U.S.C. § 856.

6.   Your client also agrees that because contraband narcotics and a firearm were seized from his possession, your client consents to the administrative forfeiture, official use, or destruction of the drugs and firearm by any law enforcement agency authorized to do so. Your client agrees to take whatever steps are needed to effect the forfeiture of these items, including not filing a claim, not opposing a judicial order of forfeiture, waiving available defenses, and signing consent forms.

7.   Your client understands that this Office reserves its full right of allocution at sentencing. Regardless of what we have agreed to in this letter regarding the position the Government will take on any issue of law or fact, this Office reserves its right to defend in a collateral attack in the trial Court or on appeal any ruling made by the trial Court in this case. ***This agreement permits the Government to defend at any time in any Court any ruling made by the***

5

***trial Court in this case, even if we initially have agreed not to ask the Court to make that ruling.*** Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion that get filed in this matter and any proceedings before the Bureau of Prisons. In addition, your client acknowledges that this agreement does not require the Government to file any downward departure sentencing motion under any provision of law, and we have no plan to do so.

8. The parties agree that the government will not seek an upward departure, and your client will not seek a downward departure, from the final sentencing guideline range determined by the Court at sentencing.

9. Your client understands and agrees that your client will not be allowed to withdraw the guilty pleas entered under this agreement solely because of the harshness of the sentence imposed. Such a motion to withdraw shall constitute a breach of this agreement.

10. This agreement only binds the U.S. Attorney's Office for the District of Columbia. It does not bind any other U.S. Attorney's Office or any other office or agency of the U.S. Government, including, but not limited to, the U.S. Department of Justice's Tax Division, the U.S. Department of the Treasury's Internal Revenue Service; or any state or local prosecutor. These individuals and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions.

11. This letter sets forth the entire understanding between the parties and constitutes the complete plea agreement between your client and this Office. This agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between this Office and your client. There are no other agreements, promises, understandings or undertakings between your client. Your client understands and acknowledges that there can be no valid addition or alteration to this agreement unless the modification is made on the record in open Court or made in a writing signed by all of the parties.

Sincerely yours,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

BY: *Barry Wiegand* (signature)
Barry Wiegand
Assistant U.S. Attorney
(202) 514-7315 (o); (202) 616-3782 (fax)
William.B.Wiegand@USDoJ.Gov

### DEFENDANT'S ACCEPTANCE

I have read this letter containing the plea agreement and have discussed it fully with my

attorney, Mr. David Bos, Esq., AFPD, who has explained the meaning of the entire agreement to me. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 9/27/05

Omar Thomas, Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the seven pages constituting this plea agreement, reviewed them with my client, and discussed its provisions with him fully. These pages accurately and completely set forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 9/27/05

Mr. David Bos, Esq., AFPD
Attorney for Defendant Thomas

7