UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| v.  : | Crim. No. 05-0284 (CKK) |
| : | |
| OMAR THOMAS, : | |
|    Defendant.  : | |

**GOVERNMENT'S MOTION FOR A BENCH WARRANT AND TO REVOKE
DEFENDANT'S BAIL PENDING SENTENCING**

*COMES NOW*, the United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully to move this Honorable Court to issue a warrant for defendant's arrest, to revoke defendant's release, and to order him held without bail pending sentencing. In support whereof, we submit as follows:

1. In this case, on September 27, 2005, defendant pled guilty before a U.S. Magistrate Judge to a criminal information charging him with the unlawful maintenance of a premises for illegal narcotic activities within 1000 feet of a school, in violation of 21 U.S.C. § 860, and the ten-year felony crime of unlawful possession of a prohibited weapon--sawed-off shotgun, in violation of D.C. Code §§ 22-4514(a) (2001 ed.; formerly D.C.C. § 22-3214(a) (1981 ed.)). With the Government's agreement, the Court released defendant on his same bail pending sentencing, which has been set for January 13, 2006, at 9:00 a.m.

2. Shortly after midnight, Friday, October 21, 2005, police arrested defendant in Washington, D.C., after he allegedly had "smacked" a former girlfriend in the face and choked her near to unconsciousness. A copy of the Metropolitan Police Department (MPD) arrest/prosecution report, form PD 163, which describes the events leading to defendant's arrest, is attached to this

1

motion. Later that day, the Government charged defendant in the Superior Court of the District of Columbia with an unlawful simple assault involving domestic violence in case number V-03589-05. On October 28, 2005, a Magistrate Judge in the Superior Court admitted defendant to bail pending trial on this misdemeanor assault charge. The Court did not conduct a preliminary hearing before releasing defendant.

    3.    We respectfully submit this motion to revoke defendant's bail on the ground that he has violated his conditions of release by committing a new crime. This warrants him being held without bail pending sentencing. Title 18 U.S.C., Section 3148 states:

> **(a) Available sanctions.** -- A person who has been released under section 3142 of this title, and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court.
>
> **(b) Revocation of release.** -- The attorney for the government may initiate a proceeding for revocation of an order of release by filing a motion with the district court. A judicial officer may issue a warrant for the arrest of the person charged with violating a condition of release.... To the extent practicable, a person charged with violating the condition of release that such person not commit a Federal, State, or local crime during the period of release, shall be brought before the judicial officer who ordered the release and whose order is alleged to have been violated. The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer --
>
> > (1) finds that there is --
> >
> > > (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
> > >
> > > (B) clear and convincing evidence that the person has violated another condition of release and
> >
> > (2) finds that

>> (A). . . there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>
>> (B) the person is unlikely to abide by any condition or combination of conditions of release.

4. After a defendant has been found guilty of committing an offense, 18 U.S.C. § 3143(a) generally requires that he be detained pending sentencing, particularly when the crime is a drug felony punishable by more than ten years in prison. This is the case here. Defendant's plea agreement with the Government states:

> 4. Your client previously has been admitted to bail and released pending trial. On the date of defendant's guilty plea hearing, the Government will not ask the Court to order defendant held without bail pending sentencing. Thereafter, should your client violate any condition of his bail and release, the Government will be free to ask the Court to order your client detained pending sentencing. Even though the Government will not object to defendant's continued release at the plea hearing, the Court is free to set its own conditions of bail pending sentencing, including detaining your client without bail, placing him in a halfway house, or placing some other, additional conditions on your client's release. If the Court does any of these things, your client know this will not give him the right to withdraw his guilty pleas.

Although defendant was fortunate enough to be released pending sentencing, without objection from

the government, his new arrest shows that his bail should be revoked.

5. Undersigned counsel assumes defendant and counsel oppose this motion. A proposed order granting this motion is attached.

WHEREFORE, the United States respectfully prays this Honorable Court to grant this motion and to order that defendant be detained without bond pending sentencing.

> Respectfully submitted,
>
> KENNETH L. WAINSTEIN
> D.C. Bar No. 451058
> Attorney of the United States in
> and for the District of Columbia
>
> By: Barry Wiegand, Bar No. 424288
> Assistant U.S. Attorney
> 555 4th Street, N.W., Room 4444
> Washington, D.C. 20001
> (202) 514-7315
> (202) 514-8707 (fax)
> William.B.Wiegand@USDoJ.Gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have caused service of the foregoing to be made by telefaxing and e-mailing a copy of it to counsel for defendant, Mr. David Bos, Esq., AFPD,, Office of the Federal Defender, Suite 550, 625 Indiana Avenue, N.W., Washington, D.C. 20004, (202) 208-7500; (202) 208-7516 (fax) David_Bos@Fd.org, this first day of November 2005, and that I also have had a copy of it deposited into the U.S. mails, first-class postage pre-paid, addressed to Mr. Bos.

> Barry Wiegand
> Assistant U.S. Attorney