## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **CRIMINAL NUMBER 05-284 (CKK)** |
| | **:** | |
| **OMAR THOMAS** | **:** | |

### OPPOSITION TO GOVERNMENT'S MOTION TO REVOKE BOND

Omar Thomas, by his attorney, David W. Bos, Assistant Federal Public Defender,

respectfully submits the following opposition to the Government's motion to revoke the

Defendant's bond.  In support of this Motion, the Defendant, through undersigned counsel, states

as follows:

1.  Mr. Thomas was arrested in connection with the instant charges on May 13, 2005, and

is scheduled to be sentenced on January 13, 2006.

2. On May 16, 2005, Mr. Thomas was released in to the High Intensity Supervision

Program with the condition that he 1) report in person to the Pretrial Services Agency each

Tuesday, 2) report to the Pretrial Services Agency for drug testing each Thursday and 3) adhere

to a 10:00 p.m. to 6:00 a.m. curfew every day.  Mr. Thomas has reported to the Pretrial Services

Agency, as required, each Tuesday. Mr. Thomas has reported for drug testing, as required, each

Thursday. Mr Thomas has never tested positive for any illegal substances. And, Mr. Thomas has

never missed a curfew call. Indeed, during the nearly six months he has been under the

supervision of the High Intensity Supervision Program, Mr. Thomas has not incurred a single

violation of the conditions of his release.

3. The Government has moved to revoke Mr. Thomas' bail based on his arrest on October

21, 2005, for simple assault in D.C. Superior Court Case No. V-03589-05. Mr. Thomas is on

release in that case with the same conditions of release imposed in this case.  The Pretrial

Services Agency, fully aware of the new charge,  has not sought a change in Mr. Thomas' bond

in this case.

  4. In the Superior Court case, Mr. Thomas is accused of allegedly assaulting his estranged

girlfriend while inside his apartment. Mr. Thomas denies assaulting his girlfriend and no judicial

officer has ever evaluated the allegations.  At the time the police arrived at his apartment, they

found Mr. Thomas inside his apartment. Mr. Thomas had been hit in the forehead with a frying

pan by his estranged girlfriend and was bleeding profusely. When he would not provide the

police with a statement concerning how he was injured, Mr. Thomas was placed under arrest. He

was then taken from the apartment and transported to Greater Southeast Hospital for treatment.

  5. Title 18 U.S.C., Section 3148 states:

> **(b) Revocation of release.** -- The attorney for the government may initiate a
> proceeding for revocation of an order of release by filing a motion with the district
> court.  A judicial officer may issue a warrant for the arrest of the person charged
> with violating a condition of release. . . .  To the extent practicable, a person
> charged with violating the condition of release that such person not commit a
> Federal, State, or local crime during the period of release, shall be brought before
> the judicial officer who ordered the release and whose order is alleged to have
> been violated.  The judicial officer shall enter an order of revocation and detention
> if, after a hearing, the judicial officer --
>
>   (1) finds that there is --
>
>     (A) probable cause to believe that the person
> has committed a Federal, State, or local crime while
> on release; or
>
>     (B) clear and convincing evidence that the
> person has violated another condition of release **and**
>
>   (2) finds that

(A). . . there is no condition or combination
of conditions of release that will assure that the
person will not flee or pose a danger to the safety of
any other person or the community; or

(B) the person is unlikely to abide by any
condition or combination of conditions of release.

Other than the new arrest, there is no evidence that Mr. Thomas has ever violated any condition of release in this case. There has been no probable cause finding by any judicial officer that Mr. Thomas "committed" the allegation listed in the new case. Indeed, Mr. Thomas vehemently denies the allegations.

Moreover, even if the Court were to conclude that there is probable cause to believe Mr. Thomas committed the new offense, the Court must also find that there is "no condition or combination of conditions of release that will assure that [Mr. Thomas] will not flee or pose a danger to the safety of any other person or the community; or [Mr. Thomas] is unlikely to abide by any condition or combination of conditions of release." Mr. Thomas has been under the supervision of the Pretrial Services Agency for nearly six months without a single infraction. Mr. Thomas has never missed a court date. There is no evidence that Mr. Thomas has ever engaged in any assaultive conduct. Furthermore, presented with precisely the same facts put forth here, D.C. Superior Court Judge Albert released Mr. Thomas on the same conditions imposed in this case.  Finally, the Pretrial Services Agency has not sought a change in Mr. Thomas' release conditions in this case. The Government's motion, therefore, should be denied without a hearing.[1]

---

[1]In the event the Court concludes that a hearing is required on the Government's motion, counsel requests the Court to scheduled the hearing no sooner than November 14, 2005, to allow counsel sufficient time to subpoena the necessary witnesses and documents for the hearing. Counsel would anticipate calling as many as four witnesses at the hearing, all of whom will refute the complainant's allegations.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER


/s/

_____
David W. Bos
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Ste 550
Washington, DC  20004
(202) 208-7500

## CERTIFICATE OF SERVICE

I, David W. Bos, Assistant Federal Public Defender, hereby certify that I have served a copy of the attached Opposition To Government's Motion to Revoke Bond  upon William B. Weigand, Esquire, Assistant United States Attorney, on this 3rd day of November, 2005.


/s/

_____
David W. Bos
Assistant Federal Public Defender