UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 05-284 (CKK) |
| | : | |
| v | : | |
| | : | |
| OMAR THOMAS, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits the following memorandum to assist the Court in fashioning an appropriate sentence in this case.

## BACKGROUND

On May 12, 2005, at approximately 9:30 p.m., members of the Metropolitan Police Department's Narcotics Branch were working undercover as buyers in the area of 1228 16th Street, Northeast, Washington, D.C.  While there, the undercover officers purchased suspected marijuana from individuals, who would negotiate the deal with the officers, then disappear into defendant's home, located at 1228 16th Street, apartment 4, and return with the agreed upon quantity of marijuana to sell to the undercover officers.

Police officers later followed one of the individuals from whom they had purchased the suspected marijuana as he walked into the apartment building and entered defendant's home. Officers entered the apartment and found that person in the bathroom of the apartment, where he was flushing suspected marijuana down the toilet.  Officers asked defendant, who was present in the apartment, who owned the apartment.  Defendant replied that it belonged to him.  Defendant

later admitted that he had a shogun and ammunition in his bedroom and consented to a search of his apartment. During the search, police officers found a sawed off Charles Daly Model 500 twelve gauge shotgun between the mattress and box spring in the bedroom. In one of the bedroom's dresser drawers, the officers found five rounds of twelve-gauge shot gun shells. Additionally, the police located $200 in suspected drug proceeds in the kitchen garbage disposal and empty ziplocks bags of the type commonly used to package marijuana for street sales hidden under a sofa cushion. Defendant was then arrested.

On May 13, 2005, defendant was presented in District Court on one count of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. Section 922(g)(1). On the government's motion pursuant to 18 U.S.C. Section 3142(f)(1)(D), the defendant was held without bond at presentment pending a detention hearing on May 16, 2005. At the detention hearing, Magistrate Judge Kay released defendant into the High Intensity Supervision Program. As a condition of his release, defendant was instructed to "[r]efrain from committing any criminal offense . . ."

On September 27, 2005, defendant entered a pre-indictment plea before Magistrate Judge Alan Kay, where he pled guilty to one count of Unlawful Maintenance of Premises to Manufacture, Distribute, Store and Use a Controlled Substance within a 1,000 feet of a school, in violation of 21 U.S.C. Sections 860(a) and 856(a)(2) and one count of Unlawful Possession of a Prohibited Weapon, in violation of D.C. Code Section 22-4514 (a). Magistrate Judge Kay allowed defendant to remain in the community on the same conditions of release he had been previously imposed. On October 21, 2005, defendant was arrested for domestic assault in Superior Court case number DV-3589-05. This domestic assault case is scheduled to go to trial

on February 16, 2006.

## ARGUMENT

The government recommends that the Court impose a sentence at the mid-range of the applicable Sentencing Guideline range of 0 to 6 months of imprisonment for the maintenance of drug premises and a probationary period for the possession of a prohibited weapon, a sawed off shotgun.[1]  Such a sentence is  warranted by the nature and circumstances of the offense, defendant's criminal history and the need to protect societal interests.

The Supreme Court in United States v. Booker, 125 S. Ct. 738, (2005), held that the mandatory application of the United States Sentencing Guidelines violates the Sixth Amendment principles articulated as Blakely v. Washington, 124 S.Ct. 2531(2004).  However,  a sentencing court must consult those Guidelines and take them into account with other sentencing factors enumerated in 18 U.S.C. § 3553  to fashion a reasonable sentence.  United States v. Price, 409 F.3d 436, 442-443 (D.C. Cir. 2005).

Under § 2D1.1 (c)(11) of the Guidelines, defendant's base level offense is 2 because the offense involved less than 250 milligrams of marijuana. Also pursuant to U.S.S.G. § 3E1.1 (a), the Court should decrease defendant's base level offense by two levels for accepting responsibility for this offense.  Defendant's adjusted offense level is therefore 1.  With a criminal history category of III, the defendant's sentencing range is 0 to 6 months of imprisonment.

Under 18 U.S.C. § 3553, the Court may consider the nature and circumstances of the offense.  Here, the defendant pled guilty to maintaining a premise to manufacture, distribute,

---

[1] Government counsel had previously filed a Motion to Continue Sentencing and Extend Time to Submit its Sentencing Memorandum based on government's disagreement with the probation office's interpretation of 21 U.S.C. § 860 (a).  After reviewing the statute, the plea agreement, and the plea colloquy, the government has concluded that the probation office's interpretation of the statute was, in fact, correct.

store and use a controlled substance within a 1,000 feet of a school and to possession of a prohibited weapon, a shotgun. The factual proffer established that defendant was allowing drug dealers to use his home as a base for their drug selling activities. He allowed this to go on despite the fact that his home was just a few short blocks from Webb Elementary School. The Court need not ignore the impact drug trafficking has on the lives of the children who attend that school – how they not only have to pass by drug dealers on the way to and from school, but how they face the danger that the violence which goes hand in hand with drug trafficking may erupt around them. By facilitating drug trafficking in this area, defendant is as culpable for the impact of drug dealing as the drug dealer himself. Moreover, the potential for violence was increased by the fact that defendant had a shotgun and ammunition in his home.

Defendant's criminal history also warrants a sentence in the mid range of the applicable Sentencing Guideline range. In this case, defendant criminal history dates back to 1993. He has been arrested seven times, and been convicted on three occasions, including the conviction in this case. Defendant was initially sentenced to probationary terms for his first two convictions. But each time, he violated the terms of his probation, and his probationary sentences were revoked. Further, while on release in this case, defendant was arrested for domestic violence. On October 21, 2005, the police were called to his home and he was accused of pushing and striking his girlfriend. This rearrest came less than one month after he entered a plea in this case and is clearly a violation of his conditions of release.

Moreover, a short period of incarceration is justified in this case to protect society's interest in ridding the streets of the District of drugs and deterring people from engaging in and/or facilitating drug activity near a school and near children.

A sentence at the mid-range of the applicable sentencing guidelines range is reasonable and appropriate for this defendant based on the facts of his case and the sentencing factors enumerated in 18 U.S.C. § 3553. For all of the above reasons, the government respectfully recommends that the Court impose a period of incarceration of three months on the federal charge and a probationary term on the local offense.

        Respectfully submitted,
        KENNETH L. WAINSTEIN
        United States Attorney
        Bar No. 451058

_____
Denise M. Clark
Assistant United States Attorney
Federal Major Crimes Section
D.C. Bar No. 479149
555 4th Street, N.W.  #4840
Washington, DC 20530
(202)353-8213; Fax: 353-9414

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of the foregoing to be served on the attorney for the defendant, David Bos, this 3rd day of February, 2006.

_____
Denise M. Clark
Assistant United States Attorney

Case 1:05-cr-00284-CKK    Document 20    Filed 02/03/2006    Page 6 of 6